# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CECILIA MARTINEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY A. BERRYHILL, Acting )<br>Commissioner of Social Security,[1] )<br>)<br>Defendant. )<br>) | No. 16 C 9240<br><br>Magistrate Judge<br>Maria Valdez |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff Cecilia Martinez's ("Plaintiff") claims for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment is granted and the Commissioner's cross-motion for summary judgment is denied.

---

[1] Nancy A. Berryhill is substituted for her predecessor, Carolyn W. Colvin, pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. Procedural History

Plaintiff filed her applications for DIB and SSI in April 2013, alleging disability beginning in August 2012 due to depression, migraines, rheumatoid arthritis, diabetes, asthma, and sleep apnea. (R. 271–80, 303.) Her applications were denied initially and again upon reconsideration. (R. 96–185.) Plaintiff appeared for a hearing before an Administrative Law Judge ("ALJ") on October 19, 2015, represented by counsel. (R. 51–95.) A vocational expert, Thomas Gusloff, also offered testimony. (*Id.*) On November 4, 2015, the ALJ issued an unfavorable decision finding Plaintiff was not disabled. (R. 30–50.) The Appeals Council ("AC") denied review on June 20, 2016, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Herron v. Shalala*, 19 F.3d 329, 332 (7th Cir. 1994); (R. 17–20.)

## II. ALJ Decision

On November 4, 2015, the ALJ issued an unfavorable written determination finding Plaintiff was not disabled. (R. 30–50.) At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since August 1, 2012, her alleged onset date and meets the insured status requirements of the Act through December 31, 2018. (R. 35.) At step two, the ALJ found that Plaintiff suffered from severe impairments of asthma, reduced vision at a distance, diabetes mellitus, obesity, carpal tunnel, status post-surgical release in both hands, and depression.

(*Id.*) At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meet or medical equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). (R. 36.)

Before step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform work at a light exertional level, subject to several limitations.[2] At step four, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a housekeeper/cleaner, or alternatively, other jobs that existed in significant numbers in the national economy, such as a photocopy machine operator, marker, and inserting machine operator. (R. 43–44.) Because of this determination, the ALJ found that Plaintiff is not disabled under the Act. (R. 45.)

---

[2] At this stage, the ALJ determined Plaintiff:
> is limited to no climbing, ropes, or scaffolds, occasional stooping, crouching, kneeling, crawling, and climbing ramps and stairs, and frequent handling and fingering bilaterally. She must avoid concentrated exposure to pulmonary irritants (fumes, odors, dusts, and gases), poorly ventilated areas, dangerous machinery, and unprotected heights. She is limited to work, which can be performed with less than frequent far acuity required. Work is limited to simple, routine, and repetitive tasks; performed in a work environment free of fast paced production requirements; involving only simple work-related decisions; and with few, if any, workplace changes. She should have only occasional interaction with the public and co-workers.

(R. 38.)

3

# DISCUSSION

## III. ALJ Standard

Under the Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer to any remaining question precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one through four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## IV. Judicial Review

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "reasonable minds could differ" as long as "the decision is adequately supported.") (internal citation omitted).

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex*

*rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning. . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

We review the ALJ's decision but we play an "extremely limited" role. *Elder*, 529 F.3d at 413. Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

**V.    Analysis**

Plaintiff argues that the ALJ's decision should result in remand because he: (1) failed to include all of her limitations in his RFC or hypothetical questions to the vocational expert; (2) did not adequately consider her limits in concentration, persistence, or pace; (3) rejected inconsistent evidence without explaining his reasoning; (4) misstated her abilities with respect to acuity; (5) erred at step four; and (6) improperly evaluated her subject symptom allegations about her obesity. For the reasons that follow, the Court finds remand appropriate.

## A. Hypothetical Questions

First, Plaintiff argues that the ALJ failed to include a limitation to one- to two- step tasks in both his RFC finding and his questions posed to the vocational expert ("VE"). As Plaintiff points out, state agency consultants, Dr. Joseph Cools, Ph.D., and Dr. Joseph Mehr, Ph.D., opined that Plaintiff would be able to learn only one- to two-step tasks. (R. 103, 129.) The ALJ assigned "great" weight to the opinions of the consultants but did not include a one- to two- step task limitation in his ultimate RFC determination or in his hypothetical questions posed to the VE. (R. 42–43.) Instead, he limited Plaintiff to "simple, routine tasks."

These facts mirror those presented in *Schlattman v. Colvin*, 12 C 10422, 2014 WL 185009, at *6–7 (N.D. Ill. Jan. 14, 2014). In *Schlattman*, the claimant similarly argued that the ALJ had failed to include a limitation to one- to two- step tasks in her RFC finding and her hypothetical questions to the VE, despite the fact that the ALJ gave great weight to the opinion of the state agency consultant who had articulated the limitation. *Id.* at 6. As with the present case, the ALJ in *Schlattman* failed to bring up the claimant's limitation to one- to two- step tasks, but instead limited him to "simple, routine, repetitive tasks." *Id.* In finding error, the Court explained that there is "a significant difference between one- to two-step tasks and simple, routine, repetitive tasks." *Id.* at 7. While there were opinions that may have supported the ALJ's decision to omit the one- to two- step limitation in *Schlattman*, the Court held nonetheless it must remand because the ALJ's opinion contained no language explaining his decision to do so. *Id.* at 8.

The facts of this case are comparable to those in *Schlattman*. Here, neither the ALJ's RFC nor his hypothetical questions to the VE contained a limitation to one- to two-step tasks, despite the fact that the ALJ gave great weight to the findings of the state agency consultants who articulated the limitation. Instead, the ALJ restricted Plaintiff to "simple, routine tasks" without explaining his reason for omitting the one- to two-step limitation. Under the guidance provided in *Schlattman*, this situation demands remand so that the ALJ can either adopt the limitation or explain his decision not to do so.

Furthermore, the Court finds these that facts do not fit an exception to the general rule laid out in *O'Conner-Spinner*. In *O'Conner-Spinner* the Court noted that it had previously permitted hypotheticals omitting the terms concentration, persistence and pace when "ALJ's alternative phrasing specifically excluded those tasks that someone with the claimant's limitations would be unable to perform." *O'Conner-Spinner*, 627 F.3d at 619. In particular, the Court explained that cases involving concentration, persistence, and pace limitations would present close questions. *Id.* at 620. It appears from the *O'Conner-Spinner* that an ALJ's questions may pass muster if the ALJ refers to the claimants underlying conditions in his questioning. *Id.* ("Although the limitations on concentration, persistence and pace were not mentioned in the hypothetical, the underlying conditions were") (citing *Simila v. Astrue*, 573 F.3d 503, 522 (7th Cir. 2009). The Commission argues such an exception is applicable in this case. The Court disagrees.

As an initial matter, it was *after* this explanation the *O'Connor-Spinner*

Here, the ALJ limited Plaintiff to a work environment free of fast-paced production requirements, simple work-related decisions, few, if any, workplace changes, and occasional interaction with the public and co-workers. According to the Commissioner, these limitations adequately account for Plaintiff's difficulties in concentration, persistence, and pace. But, not only does the Commissioner point to no authority to support her assertion that this is sufficient, it does not appear the Commissioner is arguing that the ALJ identified Plaintiff's underlying impairments in accordance with *O'Conner-Spinner*. Accordingly, the Court finds that remand is appropriate.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for summary judgment is granted and the Commissioner's cross-motion for summary judgment is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

*[signature: Maria Valdez]*

**DATE:   June 14, 2018**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**